Submitted on petition and answering memorandum March 17,
ballot title certified as modified April 6, 1982

HUGGINS,
*Petitioner,*

*v.*

PAULUS,
*Respondent.*

(SC 28504)

642 P2d 817

John DiLorenzo, Jr., Portland, filed petition to review ballot title for petitioner.

John A. Reuling, Jr., Chief Counsel, Opinion Section, and Max Rae, Law Clerk, Salem, filed the answering memorandum for respondent. With them on the memorandum were David B. Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

PER CURIAM.

## PER CURIAM.

This is an original proceeding under ORS 250.085 challenging the sufficiency and fairness of a ballot title for a measure relating to political spending limits and state tax credits. The ballot title prepared by the Attorney General and received and filed by respondent states:

"REQUIRES AGREEMENT TO SPENDING
LIMITATIONS FOR POLITICAL
CONTRIBUTION TAX CREDIT

"QUESTION: Shall state candidates and political organizations have to agree to spending limitations if their contributors are to get tax credits?

"EXPLANATION: Measure restricts present tax credit for contributions to candidates for state offices (except judges), to contributions to candidates agreeing to limit campaign spending. Credit for contributions to political organizations would also require agreement not to spend for those state candidates not agreeing to spending limit. Candidate or organization breaking agreement would repay state for tax credits allowed its contributors. $1000 fine possible if candidate or organization breaking agreement does not report contributors or repay state."

The petitioner contends that this ballot title is insufficient in several respects. He contends that it is inaccurate in that it purports to refer to all political contribution tax credits whereas the measure relates only to state tax credits. The respondent admits this deficiency. Petitioner also contends that the explanation is insufficient because it does not state with sufficient clarity that contributions to political organizations are disqualified for a state tax credit if any one of the candidates or political organizations to whom the political organization contributes has failed to agree to spending limitations.

Petitioner also contends that the third sentence of the explanation is incomplete and incorrect as it describes the consequences of a breach of a political spending agreement. The measure provides that if a spending agreement is breached, the candidate or organization officers are liable to the state not only for the tax credits allowed its contributors, but also for one-half of the total amount of contributions received from candidates and political

organizations which agreed to spending limitations.[1] The Attorney General acknowledges that the statement is inaccurate, but contends that it communicates the sense of the requirement. Obviously, a 75-word explanation cannot be expected to state every provision of a lengthy measure, but if the explanation contains a statement of a requirement of the measure, it must state that requirement accurately. This sentence of the explanation states only one-half of the requirement and is insufficient for that reason.

Petitioner submitted an alternative form of ballot title which purportedly remedied the asserted deficiencies.[2] Respondent challenged a sentence of petitioner's submission as incorrect but, without admitting that its own ballot title was insufficient or unfair (except as to petitioner's

---

[1] The measure states:

"SECTION 8. (1) If the Secretary of State finds * * * that a candidate or the officers of a political organization filing a declaration [of spending limitation] and issuing a receipt * * * knowingly failed to comply with the declaration, the candidate or the officers shall pay to the Department of Revenue an amount determined by the department under subsection (2) of this section * * :

"* * * *

"(2) The amount to be paid under subsection (1) of this section shall be an amount equal to:

"(a) The total amount of tax credits available to contributors for contributions to the candidate or the political organization on the basis of receipts issued by the candidate or the political organization; and

"(b) One-half of the total amount of any contributions received from a candidate or political organization that filed a declaration under section 3 of this 1982 Act.

"* * * * *"

[2]

"REQUIRES SPENDING LIMITATION AGREEMENT
FOR POLITICAL CONTRIBUTON STATE TAX CREDIT

"QUESTION: Shall state candidates and political organizations agree to spending limitations if their contributors are to get state tax credits?

"Explanation: Measure disallows contributor a state tax credit if candidates for certain offices fail to agree to spending limits. Political organizations not agreeing to limit makes all organization's contributions ineligible for state tax credit. Secretary of State identifies violations. Department of Revenue enforces penalties. Candidate, officers of organization breaking agreement personally liable to state for contributors' credits and one-half qualifying candidate, organization contributions. $1000 fine possible for violator's failure to report contributors or pay state."

first contention), respondent went on to candidly acknowledge that the remainder was more accurate than respondent's original ballot title in the sense of being more informative. Respondent then proposed an alternative ballot title substantially adopting petitioner's proposal. We conclude that respondent's proposed alternative ballot title, with changes of our own in the question, is sufficient and fair as it relates to petitioner's challenge and we certify it:

"REQUIRES SPENDING LIMITATION
AGREEMENT FOR POLITICAL
CONTRIBUTION STATE TAX CREDIT

"QUESTION: Must state candidates and political organizations agree to spending limitations for their contributors to get state tax credits?

"EXPLANATION: Restricts present state tax credit for contributions to candidates for state offices (except judges), to contributions to candidates agreeing to limit campaign spending. Political organizations must agree not to contribute to nonagreeing candidates if organizations' contributors are to get state tax credits. Candidate, officers of organizations breaking agreement personally liable to state for contributors' credits and half qualifying candidate and organization contributions. $1000 fine possible for violator's failure to report contributors or pay state."

Ballot title certified as modified.